IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No. 02-cv-01874-LTB-BNB

MICHAEL J. KING,

    Plaintiff,

v.

PA CONSULTING GROUP, Inc., a New Jersey corporation,

    Defendant.

_____

ORDER
_____

After trial, a jury found for the plaintiff, Michael J. King, and against the defendant, PA Consulting Group, Inc. ("PA"), on Mr. King's invasion-of-privacy claim and PA's breach-of-contract counterclaim. The jury found for PA on Mr. King's claims for breach of contract, breach of covenant of good faith and fair dealing, violation of the Lanham Act, and unfair competition, and on PA's counterclaim for breach of the duty of loyalty. PA now moves for attorney fees it incurred defending Mr. King's Lanham Act claim. The motion is adequately briefed and oral arguments would not materially aid its resolution.

I begin with the observation that a defendant prevailing over a claim brought under the Lanham Act may recover its attorney fees reasonably expended only if the case was exceptional. 15 U.S.C. § 1117(a). The Tenth Circuit has recognized my discretion to discern which cases are exceptional, but has offered some guidance. *See National Ass'n of Professional Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143 (10th Cir. 2000). The legislative history to the statute suggests two considerations. "One, an objective consideration, is whether the suit was

'unfounded.'" *Id*. at 1146. "The other, a subjective consideration, is whether the suit was brought by the trademark owner 'for harassment and the like.'" *Id*. In addition, unspecified equitable considerations might justify an award. *Id*. at 1146-1147. Thus, an infringement suit may be exceptional for a prevailing defendant "because of (1) its lack of any foundation, (2) the plaintiff's bad faith in bringing the suit, (3) the unusually vexatious and oppressive manner in which it is prosecuted, or (4) perhaps for other reasons as well." *Id*. at 1147.

The parties disagree over whether the *Very Minor Leagues* factors are cumulative or alternatives. I need not address that question because none of the factors is present here.

PA's proposed objective grounds for the attorney fee award are two. First, it argues that, though Mr. King amended his complaint to include the Lanham Act claim on October 20, 2003, he did not identify the precise provision of the Lanham Act on which he intended to rely until trial. This "lack of clarity," as PA characterizes Mr. King's contrivance, attended the alleged frivolousness of the claim. Though Mr. King did not make his statutory election immediately, PA cannot now claim not to have comprehended the gravamen of the Lanham Act claim. The complaint set out the allegations on which the claim was based. The parties conducted discovery of and proceeded to trial with the evidence that supported the claim. The claim survived summary judgment. The facts underlying the claim were not difficult to discern. Though Mr. King's imprecision in his statutory citations might have been strategic or might have resulted from poor trial preparation, it did not, in any event, demonstrate a lack of foundation.

Second, PA argues that Mr. King failed to proffer non-speculative evidence of harm, an essential element of his Lanham Act claim. Though the jury ultimately rejected Mr. King's claim, Mr. King produced evidence of injury sufficient to survive PA's motion at trial for judgment

pursuant to Fed. R. Civ. P. 50(a). And though Mr. King did not identify by name any customers lost to PA as a result of its alleged conduct, the inference he asked the jury to draw was not unreasonable. His Lanham Act claim was thin, but not unfounded or otherwise exceptionally vexatious.

PA argues that Mr. King demonstrated subjective bad faith, or a vexatious motive, by the construction of his damages theory. It points out that Mr. King failed to make certain requisite deductions from his Lanham Act damages, which upon his own assumptions he should have taken off. This much Mr. King conceded at trial. PA's further postulate, that Mr. King erred in his calculations because he was insincere about the claim and only intended to subject PA to harassment, finds no support in the record. I decline the invitation to draw the uncharitable inference. If I were to infer from every ambitious trial strategy a subjective intention to press hopeless claims for oppressive motives, as PA suggests I must, then Lanham Act fees would be awarded routinely, not exceptionally, and the language of the statute would become superfluous.

Accordingly, it is ORDERED that

1) the defendant's motion for an award of attorney fees is DENIED.

Dated: September  23 , 2005, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge